Filed 7/19/22 P. v. Glee CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLEOPHUS GLEE,<br><br>    Defendant and Appellant. | E078358<br><br>(Super.Ct.No. FSB21000298)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Cleophus Glee appeals the order of the San Bernardino Superior Court putting into effect a three-year suspended prison sentence after finding he violated his probation. We affirm.

1

## BACKGROUND

In April 2021, defendant pled no contest to injuring a cohabitant in violation of Penal Code section 273.5, subdivision (a). He was given a suspended mid-term sentence of three years in state prison and placed on felony probation for 24 months with a requirement he participate in a 52-week domestic violence program. One condition of his probation was that he not violate any law.

Two months later, defendant was taken into custody after another domestic violence incident involving the same cohabitant and again charged with a violation of Penal Code section 273.5. The People petitioned for revocation of probation and remand of defendant. Following a hearing on the petition held pursuant to *People v. Vickers* (1972) 8 Cal.3rd 451, the court found defendant violated his probation and that he was not amenable to continued probation supervision. It imposed the previously suspended three-year sentence and found defendant entitled to total credits of 598 days consisting of 299 custody and 299 conduct credits. Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, which sets forth statements of the case and facts, and requests this court to independently review the entire record on appeal.

Counsel also suggests five potentially arguable issues: (i) whether the trial court improperly allowed hearsay evidence when it permitted a 911 tape to be played and admitted a text message sent by the victim; (ii) whether the evidence was sufficient to support revocation of defendant's probation; (iii) whether the court erred when it denied reinstatement of defendant's probation; (iv) whether defendant was sentenced under the appropriate statute; and, (v) whether defendant was awarded the appropriate number of presentence custody credits.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICAL REPORTS

RAMIREZ
                                                                                      P. J.

We concur:

McKINSTER
                        J.

CODRINGTON
                        J.

3